UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LARRY JAMES MOORE** | : | **CIVIL ACTION NO. 2:11-CV-1224** |
| **V.** | : | **JUDGE MINALDI** |
| **JOHN SMITH, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

<u>MEMORANUM ORDER</u>

Before the court are Motions to Remand [doc. 8] and for Leave to Amend [doc. 16], filed by plaintiff Larry James Moore. Both motions are opposed by defendant PPG Industries Inc. *See* docs. 18, 20. For the reasons set forth below, plaintiff's motion to remand [doc. 8] and motion for leave to amend [doc. 16] are both **DENIED.**

*Background*

This case arises from an accident that occurred when plaintiff, Larry James Moore, was performing environmental testing on the C-1 boiler at the PPG Industries Inc. (PPG) Lake Charles complex. Doc. 1, att. 3, p. 3. Mr. Moore alleges that a section of equipment, believed to be piping, fell approximately fifteen feet and struck him on the head, neck, and shoulder, thereby causing serious and permanent injuries. *Id.* Mr. Moore further alleges that this incident was the result of negligence.

On February 14, 2011, Mr. Moore filed suit in Louisiana's 14th Judicial District Court, naming PPG, PPG's employees Jonathan P. Manns, Angela Neugent, and Mark Rhoads (all domiciled in Louisiana), Ron Williams Construction, Inc. (a Louisiana corporation), and several fictitious persons and corporations as defendants. *See id.* at 2. Essentially, Mr. Moore contends

that PPG employees Manns, Neugent, and Rhoads, while acting in the course and scope of their employment, were negligent in their duty to oversee the safety of the area where Moore was injured and that PPG was vicariously liable for their negligence. *See id.* at 4. Further, Moore alleges that Ron Williams Construction, Inc., was the independent contractor responsible for installation and maintenance of the equipment that fell. *Id.* at 5. The fictitious individuals named by Mr. Moore are other PPG employees, whose identities are not know to Moore, that were in charge of safety in the area where the accident occurred; and the fictitious corporations are the "independent contractor responsible for maintaining the safe condition of the premises in the area of the C-1 boiler" and the insurance company that issued the policy providing coverage for Mr. Moore's accident. *See id.* at 4-5.

On June 23, 2011, PPG and its employees Manns, Neugent, and Rhodes removed this case to federal court. Doc. 1. In the removal notice, PPG asserts that it is the only properly joined defendant to this suit. *See id.* at 5. For this reason, and because PPG is a Pennsylvania corporation with its principle place of business in Pennsylvania, PPG asserts complete diversity with Mr. Moore, who is domiciled in Louisiana. *Id.* at 5-6. Additionally, PPG contends that it is apparent from plaintiff's state court petition that he seeks damages in excess of $75,000. *Id.* at 6. Therefore, PPG concludes that valid diversity jurisdiction exists and that removal is proper. *Id.* at 7.

Plaintiff filed a Motion to Remand on July 22, 2011. Doc. 8. In support of his motion Moore disputes PPG's assertion that all named defendants except PPG are improperly joined. *See* doc. 8, att. 1, p. 3-5. Moore also requested a stay of consideration of the motion to remand in order to conduct jurisdictional discovery. Doc. 9. On August 11, 2011, this court granted

Moore's request, with the deadline to amend the motion to remand set for November 11, 2011. Doc. 12.

After conducting jurisdictional discovery, Mr. Moore filed a supplemental memorandum in support of his motion to remand.  Doc. 13.  In his supplemental memorandum Moore indicates that "[t]hrough the undertaking of jurisdictional discovery, [Moore has] ascertained the identities of the persons responsible for safety specifically in the C-1 boiler unit."  *Id.* at 9.  Moore indicates that these people are: David Boyett, the operations team leader responsible for preventative maintenance and safety inspections at PPG; Marty Landry, who is in charge of contractor safety at PPG; and Terry Messenger, a unit safety representative at PPG.  *Id.* at 9 n. 6. Further, Moore alleges that all of these people are domiciled in Louisiana and seeks to add them as defendants in this suit through a motion for leave to amend.  Doc. 16.

In his supplemental memorandum Moore argues that he has valid claims against these new potential defendants (Boyett, Landry, and Messenger), as well as, valid claims against the original Louisiana defendants (Manns, Neugent, and Rhoads), "based on their responsibility to oversee the safety of day to day operations in the area where [Moore] was injured" and for "negligent failure to maintain and inspect the equipment which injured [Moore]."  Doc. 13, p. 9. Because all of these defendants (actual and potential) are domiciled in Louisiana, Moore concludes that diversity is lacking and that this suit should be remanded.  *Id.* at 13.

PPG opposes the motion to remand.  Doc. 18.  PPG reiterates its contention that all defendants in this case, other than PPG itself, have been improperly joined, and as such, should not be considered when evaluating whether diversity jurisdiction exists.  *See id.* at 11-17. Specifically, PPG argues that Moore has not established in any of his pleadings facts that would

render the named PPG employees (Mann, Neugent, and Rhoads) personally liable for Moore's injuries. *See id.* at 17.

Additionally, PPG argues that Moore has erroneously identified the equipment that fell and caused his injuries; rather than piping, as suspected by Moore, PPG states that in actuality the equipment was electrical conduit. *Id.* at 11 (citing the deposition of Mark Ardoin, the PPG Plant C power unit electrician who repaired the equipment). Furthermore, PPG states that "[Moore] has produced no evidence to show a possibility of liability on the part of [Ron Williams Construction, Inc.] and says he has no information such is the case; in fact, the uncontradicted evidence particularly Mr. Aucoin's uncontroverted affidavit, is that Williams had nothing to do with the equipment which allegedly fell . . ." *Id.* at 14. Therefore, PPG concludes that Ron Williams Construction, Inc. has been improperly joined, and its domicile should be disregarded for the purposes of determining diversity jurisdiction. *Id.*

With respect to the fictitious persons and corporations named in Moore's petition, PPG asserts that the citizenship of fictitious and non-defendants is immaterial. *Id.* at 12 (citing 28 U.S.C. § 1441(a)). Further, PPG opposes Moore's motion to amend his petition to add PPG employees Boyett, Landry, and Messenger. Doc. 20. PPG suggests that Moore has no valid claim against Boyett, Landry, or Messenger, and seeks to add them for the sole purpose of defeating federal diversity jurisdiction. Doc. 20, att. 1, p. 4. For these reasons, PPG requests that this court deny both Moore's motion to remand and his motion for leave to amend.

*Law and Analysis*

Federal Courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). They possess only that power authorized by Constitution and statute. *Id.* Congress has bestowed original jurisdiction in federal district courts for all civil

matters where the parties are citizens of different states and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. Civil actions that are filed in state court may be removed to federal court, by a defendant, if the conditions set forth in section 1332 are met. *See* 28 U.S.C. § 1441. Additionally, in such cases, federal courts have jurisdiction where the parties are not completely diverse; if the defendant(s) destroying diversity has been improperly joined. *See* 28 U.S.C. § 1441(b)(2); *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004).

Removing parties bear the burden of showing that federal jurisdiction exists and that removal was proper. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). In cases removed based on diversity jurisdiction and improper joinder,[1] the removing party must show, *inter alia*, either: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999). Only the latter method is of concern in this case because PPG has not alleged actual fraud.

Using this second method of establishing improper joinder, the test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. Factual allegations are to be viewed in the light most favorable to the plaintiff, however, "conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to defeat a properly supported claim of fraudulent joinder." *Fry v. Am. Gen. Fin., Inc.*, 307 F.Supp2d 836, 844 n.6 (S.D. Miss. 2004) (citing *Badon v. RJR*

---

[1] There is no substantive difference between the terms "improper joinder" and "fraudulent joinder." *See Smallwood*, 385 F.3d at 571 n.1.

*Nabisco, Inc.*, 224 F.3d 382, 392-39 (5th Cir. 2000)).  Plaintiffs must show more than a mere theoretical possibility of recovery.  *See Irby*, 326 F.3d at 648 (citations omitted).

In conducting this analysis, courts should "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony."  *Cavallini v. State Farm Mut. Auto. Ins. Co.,* 44 F.3d 256, 263 (5th Cir. 1995).  However, the standard applied in evaluation is "closer to the Rule 12(b)(6) standard," *McKee v. Kan. City S. Ry. Co.,* 358 F.3d 329, 333-34 (5th Cir. 2004), where plaintiffs are prohibited from "rest[ing] upon the mere allegations or denial of [their] pleadings."  *Beck v. Tex. State Bd. of Dental Exam'rs,* 204 F.3d 629, 633 (5th Cir. 2000).

In the present case, PPG argues that several defendants have been improperly joined: Ron Williams Construction, Inc. and PPG employees Jonathan P. Manns, Angela Neugent, and Mark Rhoads.  In addition, several fictitious defendants were named in Moore's petition, which he now seeks to amend to add PPG employees David Boyett, Terry Messenger, and Marty Landry in their place.  This court must find that all of these defendants are improperly joined (or would be joined only to defeat diversity) in order to deny Moore's motion to remand.

## I.     *Ron Williams Construction, Inc.*

Mr. Moore named Ron Williams Construction, Inc. as a defendant in this suit because allegedly it was the "independent contractor responsible for installation and maintenance and safety of the piping on the premises of the subject PPG plant."  Doc. 1, att. 3, p. 5.  However, PPG asserts that, after inspection and repair of the equipment that fell, it was able to identify that equipment as "small diameter electrical conduit."  Doc. 1, p. 2.  Further, PPG contends that Ron Williams Construction, Inc. "had no involvement in or responsibility for the installation, inspection or maintenance of the material Mr. Moore claims fell on him."  *Id.* at 3.  This

contention is supported by the affidavit of Harry A. Aucoin, the maintenance foreman for the Plant C Power Unit at PPG. Doc. 1, att. 4.

Considering the evidence provided by PPG and further since Moore offered no evidence to refute that offered by PPG we conclude that Moore has no possibility of recovery against Ron Williams Construction, Inc. Ron Williams Construction, Inc. is thus improperly joined in this case and will not be considered for the purpose of determining whether diversity jurisdiction exists.

### II.     *PPG Employees Manns, Neugent, and Rhoads*

Moore seeks to hold PPG employees Jonathan Manns, Angela Neugent, and Mark Rhoads personally liable for his injuries because they allegedly were negligent in performing their duties of "overseeing safety" at PPG. *See* doc. 1, att. 3, p. 4. The question of whether these PPG employees are improperly joined is determined by whether Moore could hold them personally liable for his injuries under Louisiana law. *See Irby*, 326 F.3d at 647.

The Louisiana Supreme Court has promulgated criteria for subjecting employees to personal liability for injuries suffered by third parties. *Salvant v. Murphy Oil USA, Inc.*, No. 06-8700, 2007 WL 854262, at *2 (E.D. La.) (citing *Canter v. Koehring*, 283 So.2d 716, 721-23 (La. 1973)). To be liable, the employer must owe a duty of care to a third party, the duty must be delegated by the employer to the defendant, and the "defendant officer, agent, or employee [must have] breached this duty through personal (as contrasted with technical or vicarious) fault." *Canter*, 283 So.2d at 721. Moreover, "personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment." *Id.*

In other words, the employee:

> must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Dodson v. K-Mart Corp*, 891 So.2d 789, 790 (La. App. 3 Cir. 2004).

The allegations by Moore against PPG employees Manns, Neugent, and Rhoads are that they breached their general administrative responsibility of overseeing safety at PPG. Moore has not alleged that these employees were directly responsible for his injuries, or that they knew about the dangerous condition at PPG. In fact, the uncontradicted evidence by PPG is that none of these defendants had "specific, direct or immediate responsibility for safety and accident prevention or facilities maintenance in the area where [Moore] alleges he was injured or were in any way involved in the plaintiff's alleged injury." Doc. 1, p. 5 (citing the affidavit of Mark Rhoads, safety engineer/safety manager at PPG; doc. 1, att. 5).

Therefore, it is the opinion of this court that Mr. Moore has no reasonable possibility of recovery against PPG employees Mann, Neugent, or Rhoads, and as such, they are all improperly joined in this case and their place of domicile will not be considered in determining whether diversity jurisdiction exists.

### III.    *Fictitious Defendants and Motion to Amend*

The rule regarding fictitious defendants in a removal case is clear: "In determining whether a civil action is removable on the basis [of diversity], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(B). However, in this case, Mr. Moore seeks leave to amend his petition to replace the fictitious defendants with PPG employees

David Boyett, Terry Messenger, and Marty Landry. Doc. 16. These defendants are all domiciled in Louisiana, and if added, would destroy diversity. *See* doc. 16.

Once a responsive pleading has been filed, a plaintiff may not amend the original complaint except with consent of the opposing party or leave of court, which leave "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Factors to be considered when considering a request to amend include undue delay, bad faith or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Foman v. Davis,* 371 U.S. 178,182, (1962). While leave of court should be freely given when justice so requires, authority to amend "is by no means automatic." *Addington v. Farmer'sElevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981) (citing *Layfield v. Bill Heard Chevrolet Co.,* 607 F.2d 1097, 1099 (5th Cir. 1979), *cert. denied*, 446 U.S. 939 (1980)).

Moore seeks to add PPG employees that he identified, through the jurisdictional discovery process, as being in charge of safety in the area at PPG where he was allegedly injured. *See* doc. 16. However, Moore's accusations are general in nature. The only evidence of wrongdoing that Moore offers is the PPG employees' job responsibilities of overseeing safety at PPG. *See* doc. 16, att. 2 & doc. 21. There is no evidence of personal fault, which may lead to personal liability in Louisiana, on behalf of any of these employees.

Accordingly we conclude that allowing Moore to amend his petition and add these defendants would do nothing more than defeat diversity. Justice does not require leave to be given in this situation.

Moore's motion for leave to amend [doc. 16] is **DENIED.**

*Conclusion*

For the foregoing reasons, it is determined that all defendants, except for PPG, have been improperly joined in this case. As such, complete diversity exists in this matter and this court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441. Plaintiff Larry Moore's Motion to Remand [doc. 8] and Motion for Leave to Amend [doc. 16] are both **DENIED.**

THUS DONE this 2nd day of April, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE