# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

RECEIVED

NOV 1 3 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

No. 12-31265

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2013

D.C. Docket No. 2:11-CV-1224

Lyle W. Cayce
Clerk

LARRY J. MOORE,

    Plaintiff - Appellant

v.

JONATHAN P. MANNS; PPG INDUSTRIES, INCORPORATED; RON WILLIAMS CONSTRUCTION, INCORPORATED; ANGELA NEUGENT; MARK RHOADS,

    Defendants - Appellees

Appeal from the United States District Court for the
Western District of Louisiana, Lake Charles

Before DAVIS and JONES, Circuit Judges, and MILAZZO, District Judge.*

## J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendants-appellees the costs on appeal to be taxed by the Clerk of this Court.

---

*District Judge of the Eastern District of Louisiana, sitting by designation.

ISSUED AS MANDATE: 0 4 NOV 2013

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit
By: _____
Deputy

New Orleans, Louisiana    0 4 NOV 2013

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
October 8, 2013

Lyle W. Cayce
Clerk

No. 12-31265

LARRY J. MOORE,

          Plaintiff-Appellant

v.

JONATHAN P. MANNS; PPG INDUSTRIES, INCORPORATED;
RON WILLIAMS CONSTRUCTION, INCORPORATED;
ANGELA NEUGENT; MARK RHOADS,

          Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana

Before DAVIS and JONES, Circuit Judges, and MILAZZO, District Judge[*].
PER CURIAM:

    Plaintiff-Appellant Larry Moore challenges the district court's denial of his motion for leave to amend his complaint. Finding that the district court did not abuse its discretion in denying Moore's motion, we AFFIRM.

## BACKGROUND

    Moore, a Louisiana citizen, alleges that he was "seriously and permanently injured" by a piece of falling equipment at the Lake Charles Chemical Complex in Westlake, Louisiana. Moore filed suit in Louisiana state court against PPG Industries, Inc. ("PPG"), a Pennsylvania corporation; Ron Williams Construction,

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

Incorporated, a Louisiana corporation; Jonathan Manns, Angela Neugent, and Mark Rhoads, Louisiana citizens; and several fictitious parties. The defendants removed the case to federal court under 28 U.S.C. § 1441(b) on the basis that all defendants except PPG were fraudulently joined to defeat diversity. Moore moved to remand, and the district court entered an order staying consideration of the motion while Moore conducted additional jurisdictional discovery. At the close of discovery, Moore moved for leave to amend his complaint to add three additional defendants, PPG employees David Boyett, Mark Landry, and Terry Messenger, all of whom were Louisiana citizens. Moore alleged that those individuals were responsible for the safety of the premises where he was injured. The district court referred both the motion to remand and the motion for leave to amend to a magistrate judge. The magistrate issued a report and recommendation, opining that (1) the nondiverse parties had been improperly joined in the case because Moore had no reasonable possibility of recovery against them, and (2) allowing Moore to amend his complaint to add Boyett, Landry, and Messenger as defendants would do nothing more than defeat diversity. Thus, the magistrate recommended that the district court deny both motions. The district court accepted the magistrate judge's recommendation, denied Moore's motions, and dismissed the nondiverse defendants with prejudice. Moore timely appealed the district court's order, challenging only the denial of his motion for leave to amend.

## DISCUSSION

We review the district court's denial of a motion for leave to amend for abuse of discretion. *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010). "[A] court should freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). Such leave is not automatic, however, and is at the discretion of the district court. *Muttathottil v. Mansfield*, 831 F. App'x 454, 457 (5th Cir. 2010). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court

2

may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The district court should scrutinize an amended pleading naming a new nondiverse defendant in a removed case "more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In deciding whether to allow leave to amend, a court should consider several factors, including "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id. See also Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (noting that *Hensgens* is the "correct legal standard" to apply in determining whether joinder of nondiverse parties should be permitted after removal).

Under Louisiana law, an employee is personally liable if (1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care. *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973), *superseded on other grounds by statute*, La. Rev. Stat. Ann. § 23.1032 (1998). *See also In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 385-86 (5th Cir. 2009) (noting that *Canter*'s multi-part test is used to determine whether an employee is individually liable to third persons, even if they are not co-employees). However, a defendant-employee's "general administrative responsibility" is insufficient to impose personal liability. *Canter*, 283 So.2d at 721. In rejecting Moore's proposed amendment, the district court found that Moore's allegations were general in nature, he had offered no evidence of personal fault on behalf of the PPG employees, and, therefore, his amendment served only to destroy diversity. *Cf. Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991) (determining that an amendment's principal purpose was not to defeat jurisdiction where a valid cause of action existed). We agree that Moore's proffered amendment relied on the proposed parties' general

3

responsibilities to oversee safety rather than on evidence of personal fault, as required to trigger individual liability under Louisiana law. *See Canter*, 283 So. 2d at 721-22. Furthermore, we concur with the district court's conclusion that the amendment only served to defeat diversity jurisdiction.

Although the district court did not expressly examine the other *Hensgens* factors—Moore's timing; whether he would be significantly injured if the additional parties were not added; and additional equitable considerations—we cannot conclude, upon review of the briefs and record, that any of those factors tip the scale for Moore. Therefore, the district court did not abuse its discretion in denying his motion for leave to amend.

For the foregoing reasons, the district court's judgment is **AFFIRMED**.

*United States Court of Appeals*
FIFTH CIRCUIT
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

November 04, 2013

Mr. Tony R. Moore
Western District of Louisiana, Lake Charles
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    No. 12-31265   Larry Moore v. John Smith, et al
                  USDC No. 2:11-CV-1224

Enclosed, for the district court only, is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Record/original papers/exhibits to be returned.

                  Sincerely,

                  LYLE W. CAYCE, Clerk

                  By: _____
                  Dawn D. Victoriano, Deputy Clerk
                  504-310-7717

cc: (letter only)
    Honorable Patricia H. Minaldi
    Mr. Michael Carter Palmintier
    Mr. Paul Leonard Veazey Jr.

P.S. to Judge Minaldi: A copy of the opinion was sent to your office via email the day it was filed.