RECEIVED
IN LAKE CHARLES, LA.
JUL 16 2015
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| LARRY J. MOORE, | * CIVIL ACTION NO. 2:11-cv-1224 |
| Plaintiff, | * |
| v. | * JUDGE MINALDI |
| JOHN SMITH, ET AL., | * |
| Defendants. | * MAGISTRATE JUDGE KAY |

*********************************************************************

## MEMORANDUM RULING

Before the court is the Motion for Summary Judgment [Docs. 40 & 51] filed by PPG Industries, Inc. ("PPG"), to which Larry J. Moore ("Moore") has filed an Opposition [Doc. 56], to which PPG has filed a Reply [Doc. 57]. For the following reasons, PPG's Motion [Doc. 40] be and hereby is **DENIED**.

## FACTS & PROCEDURAL HISTORY

On February 11, 2010, Moore was injured by falling equipment while performing environmental testing on the C-1 boiler of PPG's Lake Charles Chemical Complex.[1] At the time of the accident, Moore was a payroll employee of Entec Services, Inc. ("Entec").[2] Entec acquired Schwartz Environmental Testing Company, Inc. ("SETCO") in 2008, but SETCO was not absorbed and instead remained a wholly owned subsidiary.[3] At the time Moore was injured, a contract to perform environmental testing existed between PPG and SETCO.[4] The contract stated that PPG was to be considered the statutory employer of SETCO's employees and that

---

[1] Pet. for Damages [Doc. 1-2] ¶¶ 2-3.
[2] Statement of Undisputed Material Facts [Doc. 40-2] ¶ 2.
[3] Aff. of John Sutton [Doc. 40-5], at 2.
[4] Statement of Undisputed Material Facts [Doc. 40-2] ¶ 2.

1

PPG was to be entitled to the exclusive remedy protection of Louisiana's workers' compensation law.[5] There was no contract between Entec and SETCO.

On February 14, 2011, Moore filed suit in the 14th Judicial District Court of Louisiana against PPG and a number of other defendants.[6] All other defendants were dismissed, and Moore was denied leave to amend his complaint on October 16, 2012.[7] PPG filed the instant motion on October 28, 2014, alleging that it is a statutory employer and therefore entitled to the protection of the exclusive remedy provision of Louisiana's worker's compensation law.[8]

## LAW & ANALYSIS

### I. Standard for Summary Judgment

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A dispute is said to be "genuine" only where "a reasonably jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.*, No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)). In ruling upon a motion for summary judgment, the district court shall draw all inferences in a light most favorable to the nonmoving party. *Id.* at *3 n. 1 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (additional citation omitted)).

"Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to a party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health*

---

[5] Statement of Undisputed Material Facts [Doc. 40-2] ¶ 5.
[6] Pet. for Damages [Doc. 1-2].
[7] *See* J. [Doc. 26]. The denial of leave to amend was affirmed by the Fifth Circuit Court of Appeals on October 8, 2013. *See* USCA J. [Doc. 39].
[8] Mot. for Summ. J. [Doc. 40] ¶ III.

*Sys.*, No 10-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sept. 2, 2011) (citing *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004)). "The non-movant cannot preclude summary judgment by raising 'some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or by only a scintilla of the evidence.'" *Cormier v. W&T Offshore, Inc.*, No. 10-1089, 2013 U.S. Dist. LEXIS 53416, at *18-19 (W.D. La. Apr. 12, 2013) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

The defendant bears the burden of proof in proving the affirmative defense of the existence of a worker's compensation bar to a tort action. *Mundy v. Dep't of Health & Human Servs.*, 593 So.2d 346, 349 (La. 1992). However, there is also a rebuttable presumption of a statutory relationship between the principal and the contractor's employees, whether direct or statutory employees, when there is a contract recognizing a statutory employer relationship. LA. REV. STAT. § 23:1061A(3) (1997). This presumption may be overcome only by showing that the work is not an integral part or essential to the ability of the principal to generate that individual's goods, products, or services. *Id.*

## II. Exclusivity of Worker's Compensation as a Remedy

### A. Statutory Employer Theory

Worker's compensation is the exclusive remedy for employees injured when contracted to perform work that is part of the principal's trade business or occupation. *Taylor v. CITGO Petroleum Corp.*, No. 2:11 CV 1292, 2012 WL 3707480, at *2 (W.D. La. Aug. 24, 2012). With the exception of the two-contract theory, no statutory employment relationship exists in absence of "a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer." LA. REV. STAT. § 1061A(3) (1997). Under the two-contract theory, a statutory employment

relationship exists when (1) the principal enters a contract with a third party; (2) pursuant to the contract, work must be performed; and (3) in order for the principal to fulfill its contractual obligation to perform the work, the principal enters into a subcontract for all or part of the work performed. *Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Auth.*, 842 So.2d 373, 379 (La. 2003).

### 1. Whether PPG is Moore's Statutory Employer

The two-contract theory is inapplicable to PPG. PPG entered a contract with SETCO, and pursuant to that contract, work was to be performed. However, there is no evidence that PPG entered into a subcontract for the work to be performed. PPG cites *Orillion v. Alton Ochsner Medical Foundation* for the proposition that the two-contract theory does not require a subcontract to be applicable. However, the majority opinion explicitly states that "[t]he two contract statutory employment defense thus contemplates relationships among at least three entities[:] a general contractor which has been hired by a third party to perform a specific task; a subcontractor hired by that general contractor; and an employee of the subcontractor." *Orillion v. Alton Ochsner Med. Found.*, 685 So.2d 329, 331-332 (La. Ct. App. 1996). Therefore, if PPG is Moore's statutory employer, it must arise from a written contract between itself and a contractor which is Moore's immediate or statutory employer.

No contract exists between PPG and Entec. However, a contract exists between SETCO and PPG that includes a provision that SETCO's employees and subcontractors are statutory employees of PPG. Determination of whether PPG is Moore's statutory employer hinges on whether SETCO is Moore's statutory employer.

### 2. Whether SETCO is Moore's Statutory Employer

There is no written contract between SETCO and Entec recognizing SETCO as a statutory employer of Entec's employees. Therefore, if SETCO is Moore's statutory employer, it must be under the two-contract theory.

PPG argues that there was an agreement between SETCO and Entec in which "Entec agreed to let its wholly owned subsidiary, SETCO, use Entec's payroll employees . . . ."[9] PPG additionally asserts that because there was no evidence that Entec and SETCO agreed to any payment, evidence of such agreement may be proved by competent evidence.[10]

> When a writing is not required by law, a contract not reduced to writing, for a price or, in the absence of a price, for a value not in excess of five hundred dollars may be proved by competent evidence. If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances.

LA. CIVIL CODE art. 1846 (1985). If the value of the contract is in excess of five hundred dollars, only general corroboration of the contract is required, not independent proof of every detail of the witness's testimony. *Read v. Willwoods Cmty.*, No. 2014-C-1475, 2015 WL 1208640, at *3 (La. Mar. 17, 2015) (citations omitted).

The environmental testing invoice sent to SETCO by PPG covers a contract period of February 1, 2009, through January 31, 2012.[11] The estimated value of the testing was $6,000 per year.[12] The value of the contract is above five hundred dollars, and therefore, a subcontract between SETCO and Entec to perform the same work would necessarily be over five hundred dollars. At least one witness and other corroborating circumstances are required to prove the existence of a subcontract between SETCO and Entec.

---

[9] Reply of PPG to Moore's Resp. to PPG's Mot. [Doc. 57], at 6 n. 1.
[10] *Id.*
[11] [Doc. 40-3], at 25.
[12] *Id.*

To support its position that SETCO subcontracted Entec to perform work for PPG, PPG has produced two affidavits: one from John Sutton, owner of Entec; and the other from Thomas Lotz, a former Entec employee. In his affidavit, Sutton says that Entec purchased SETCO in August 2008 because SETCO was accredited to perform environmental testing in Louisiana, and Entec did not possess that accreditation.[13] After the sale, SETCO continued to exist as a separate corporation.[14] At the time of Moore's accident, the contract for environmental testing at PPG was negotiated and performed through SETCO.[15] In addition to Sutton's testimony, Thomas Lotz states that Moore was hired to perform SETCO work.[16]

Viewing the evidence in the light most favorable to Moore, there remains a genuine dispute as to a material fact over whether a subcontract existed between Entec and SETCO. It is possible that a subcontract existed, but it is also possible that Moore was merely a borrowed employee. PPG has not satisfied its burden in moving for summary judgment on this issue. Therefore, because there remains an issue as to whether SETCO was Moore's statutory employer, there can be no judgment that PPG was Moore's statutory employer.

### B. Borrowed Employee Theory

To the extent that PPG argues that Moore was a borrowed employee of SETCO, this is irrelevant to whether PPG is entitled to tort immunity. A statutory employee may be a borrowed employee, or he may not, as these theories are distinct from one another. *See Benoit v. Transco Exploration Co.*, 577 F.Supp. 304, 305 (W.D. La. 1983); *see also Bankston v. LSU Health Servs. Ctr.*, 7 So. 3d 170, 174-76 (La. Ct. App. 2009). Even if Moore was the borrowed employee of SETCO, PPG cannot bootstrap this relationship into the confines of Louisiana Revised Statute §

---

[13] Aff. of John Sutton [Doc. 40-5], at 2.
[14] *Id.*
[15] *Id.*
[16] Aff. of Thomas Edward Lotz [Doc. 40-6], at 2.

1061. A written contract must exist between the principal and "the employee's immediate employer or his statutory employer." La. Rev. Stat. § 1061A(3) (1997). SETCO remains neither Moore's immediate employer nor his statutory employer.

### C. Single Business Enterprise

PPG argues in the alternative that Entec and SETCO operated as a single business enterprise out of SETCO's Baton Rouge offices. However, the cases that PPG cites in support of piercing the corporate veil are inapposite. *See Mitchell v. Indus. Fill Materials, Inc.*, 859 So.2d 36 (La. Ct. App. 2003) (imposing liability); *Richard v. U.S. Fid. & Guar. Co.*, 175 So.2d 277 (La. 1965) (same); and *Stephney v. Robertson*, 219 So.2d 9 (La. Ct. App. 1969) (same). "The 'single business enterprise' doctrine is a theory for imposing liability where two or more business entities act as one." *Brown v. ANA Ins. Group.*, 994 So.2d 1265, 1266 n. 1 (La. 2008); *see also Coleman v. Burgundy Oaks, LLC*, 71 So.3d 352, 355 (La. Ct. App. 2011). Under the doctrine, when corporations integrate their resources in operations to achieve a common business purpose, each business may be held liable for *wrongful acts done in pursuit of that purpose.* *Brown*, 994 So.2d at 1266, n. 2 (emphasis added).

PPG has not alleged that Entec or SETCO were engaged in wrongdoing, and it is not seeking to impose liability on either Entec or SETCO. The single business enterprise doctrine is inapplicable under these circumstances.

Lake Charles, Louisiana, this 15 day of July, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

7